The STATE ex rel. MONTGOMERY, Appellee,

v.

UNITED CANCER FOUNDATION et al., Appellants.

[Cite as *State ex rel. Montgomery v. United Cancer Found.* (1997), 118 Ohio App.3d 683.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17893.

Decided March 12, 1997.

684

*Betty D. Montgomery*, Attorney General, and *Sherry M. Phillips*, Assistant Attorney General; and *John J. Petro*, for appellee.

*Andrew R. Duff, E. Marie Wheeler* and *William T. Whitaker*, for appellants.

REECE, Judge.

Appellants appeal the decision of the Summit County Court of Common Pleas finding that Robert Gillmor, Sr., had waived his Fifth Amendment privilege against self-incrimination.

On May 30, 1995 appellee, the Ohio Attorney General, filed suit against four corporations (United Cancer Foundation ["UCF"], National Charities Foundation ["NCF"], National Council on Aids ["NCA"], and American Marketing Enterprises ["AME"]), three individuals (Robert Gillmor, Sr., Robert Gillmor, Jr., and Jason Trescott), and a bonding company, Buckeye Union Insurance Company. The individuals were corporate officers of the for-profit corporation, AME, and trustees of the charitable corporations, UCF, NCF, and NCA. The complaint alleged that all of the defendants had engaged in statutory disclosure violations, as well as misleading and deceptive practices. The complaint further asserted a claim of breach of fiduciary duty against the individuals. Throughout the litigation, all parties were aware that Gillmor, Sr., Gillmor, Jr., and Karen Gillmor were under federal criminal investigation for matters relating to the suit.

The Attorney General gave notice to Robert Gillmor, Sr., his wife, Karen Gillmor, and Robert Gillmor, Jr., in both their individual capacities and as representatives for the corporations, to appear for deposition on July 19, 1995. Each of the individuals appeared and refused to answer questions, asserting the Fifth Amendment privilege against self-incrimination.

On November 20, 1995, the Attorney General served each of the defendant corporations with requests for admissions. The corporations provided verified answers to these requests on January 17, 1996. Robert Gillmor, Sr., signed each verification in his representative capacity. Counsel presented all objections with the answers.

After receiving the answers to the requests for admissions, the Attorney General moved the trial court to compel Robert Gillmor, Sr., to attend a deposition and answer questions in both his representative and individual capacities. The Attorney General maintained that such questioning would be appropriate because Gillmor, Sr., had waived his privilege against self-incrimination by responding to the requests for admissions. The defendants opposed the motion, claiming that Gillmor, Sr., had answered the requests in his representative capacity and thus had not waived his personal privilege. On April 29, 1996, the trial court found that Gillmor, Sr., had waived his privilege against self-incrimination and ordered him to attend the deposition. Appellants, the four corporations and three individuals, timely appealed the trial court's decision.

■ Appellants assert that a corporate representative responding to discovery requests on behalf of a corporation does not waive his personal Fifth Amendment privilege against self-incrimination. Thus, they contend that the trial court erred when it found that Gillmor, Sr., waived his personal privilege when he responded to the Attorney General's requests for admissions on behalf of the UCF, NCF, NCA, and AME. We disagree.

■ An individual who is represented by counsel and is aware that he is under criminal investigation and yet voluntarily responds to discovery requests waives his Fifth Amendment privilege against self-incrimination with regard to the subject matter of his discovery responses. *United States v. Kordel* (1970), 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1. Gillmor, Sr., did not assert his personal privilege against self-incrimination when he received the requests for admissions on behalf of the corporations, nor did he ask the trial court for a stay of the civil proceedings until the resolution of the criminal investigation against him. Gillmor, Sr., was not compelled to respond to the requests; he could have exercised either of those options to keep from having to disclose any potentially incriminating information. *Kordel, supra.* Instead, he voluntarily provided responses to the Attorney General's requests for admissions on behalf of UCF, NCF, NCA, and AME. His responses constituted a voluntary waiver of his privilege against self-incrimination with regard to the subject matter of the responses.

■ Appellants contend that Gillmor, Sr.'s answers to the requests for admissions involved only the identification of documents and thus the act of responding was a purely representative act. We are unpersuaded by this argument. It is well settled that a corporation possesses no Fifth Amendment privilege against self-incrimination. *Braswell v. United States* (1988), 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98. Following that logic, a corporate representative may not refuse to produce corporate documents on Fifth Amendment grounds. *Id.* at 111, 108 S.Ct. at 2291–2292, 101 L.Ed.2d at 110. However, this act of production is considered a representative act and not a personal act on behalf of the corporate representative and thus does not constitute a waiver of the representative's Fifth Amendment privilege. *Id.* at 114, 108 S.Ct. at 2293, 101 L.Ed.2d at 112.

A review of the record establishes that Gillmor, Sr.'s responses to the requests went beyond the mere authentication of corporate documents. In addition to the identification of documents, the responses included admissions regarding how the documents were used by the corporations in soliciting contributions, as well as how the corporations distributed the money collected. We find that Gillmor, Sr., voluntarily provided this information and in doing so waived his privilege against self-incrimination.

By voluntarily providing information in his responses and waiving his privilege against self-incrimination with regard to the details therein, Gillmor, Sr., retains no further right to refuse to answer questions regarding those details. *Shrader v. Equitable Life Assur. Soc.* (1983), 10 Ohio App.3d 277, 279, 10 OBR 392, 394–395, 461 N.E.2d 1339, 1342–1343. Thus, the trial court properly compelled him to attend the deposition and give testimony regarding the information contained in his responses.

Appellants' sole assignment of error is overruled. The decision of the trial court finding that Robert Gillmor, Sr., waived his privilege against self-incrimination is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and SLABY, J., concur.